IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD TURNER, AKA REGINALD GERONE TURNER, #23031572, <br> PLAINTIFF, <br><br> v. <br><br> SUPER ONE GROCERY, <br> DEFENDANT. | § § § § § § § § § § | <br><br><br><br><br> CIVIL CASE NO. 3:24-CV-899-D-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** as barred by three strikes.

**I. BACKGROUND**

On April 9, 2024, Plaintiff Reginald Turner, an inmate at the Dallas County Jail, filed a complaint suing Super One Grocery in Longview, Texas, for a slip and fall on April 6, 2023. Doc. 3 at 1. Turner sues for premise liability and negligence, and requests $800,000 for his injuries and medical expenses. Doc. 3 at 2.

Because Turner did not pay the filing fee, the Court presumes that he seeks leave to proceed *in forma pauperis*. But he has a lengthy litigation history. He filed nearly 30 cases while confined in county jails and state prisons, and some of his cases were abusive and frivolous. Because he is now barred by three strikes, this action should be dismissed.

## II. ANALYSIS

The "three-strike" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" (quoted case omitted)).

The Southern District of Texas found Turner was barred by three strikes under § 1915(g) because he had at least three actions dismissed as frivolous. *Turner v. Freedman*, No. 4:16-cv-03760 (S.D. Tex. Jan. 10, 2017) (citing *Turner* v. *UTMB,* 5:14cv0022-C (N.D. Tex. Dec. 8, 2014); *Turner* v. *Mesquite Fire Dep't,* 3:14cv0699-B-BH (N.D. Tex. June 30, 2014); and *Turner v. Cherokee Cnty. Jail,* 6:03cv0555 (E.D. Tex. Apr. 26, 2004)). Turner accrued at least four other dismissals as frivolous and for failure to state a claim in this Court and the Eastern District of Texas. *Turner v. American Fam. Ins.*, 3:22cv2284 (N.D. Tex. Nov. 27, 2023) (failure to state a claim); *Turner v. S. Health Partners*, 3:14cv1667 (N.D. Tex. June 27, 2014) (frivolous); *Turner v. Anderson Cnty. Sheriff*, No. 6:05cv10 (E.D. Tex. Apr. 18, 2005) (dismissed in part as *Heck* barred and in part as frivolous); *Turner v. Kolarick* , No 6:01cv439 (E.D. Tex. Jan. 18, 2002) (frivolous).

Having accumulated three "strikes," § 1915(g) precludes Turner from proceeding *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Turner cannot meet that requisite. Even when liberally construed, his complaint lacks

allegations of imminent danger of serious physical injury. Turner is thus barred from proceeding *in forma pauperis* under § 1915(g).

### III. CONCLUSION

For all these reasons, this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to refiling an *in forma pauperis* lawsuit raising the same claims as presented, but without prejudice to him refiling this lawsuit with full payment of filing and administrative fees of $405.00.

**SO RECOMMENDED** on April 23, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).